## MacDermott, Appellant *v.* Philadelphia.

*Negligence—Municipalities—Obstruction of street.*

In an action by a boy thirteen years old against a city to recover damages for personal injuries, a non-suit is properly entered where it appears that the city had deposited on a street closed to traffic between the curb and a street railway track a large quantity of small stone in piles two and one-half or three feet high; that the plaintiff in attempting to cross the street diagonally climbed on one of the piles of stone that gave way beneath him so that he was precipitated under a passing trolley car and injured; that the city had provided at least one safe crossing a short distance away; and that the evidence was insufficient to sustain a finding that a defined path had existed at the point in question for such a length of time that the city was bound to have taken notice and guarded against its dangers.

Argued Jan. 4, 1912. Appeal, No. 177, Jan. T., 1911, by plaintiffs from order of C. P. No. 5, Phila. Co., June T., 1908, No. 6717, refusing to take off non-suit in case of Frank N. MacDermott by his father and next friend William J. MacDermott and William J. MacDermott in his own name v. City of Philadelphia. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before RALSTON, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off non-suit.

*George Demming,* for appellants.—The city is primarily responsible for injuries resulting by reason of unsafe and improper pavements and crossings at this place: Meyers v. Philadelphia, 217 Pa. 159; Burger v. Philadelphia, 196 Pa. 41; Holbert v. Philadelphia, 221

Pa. 266; Norbeck v. Philadelphia, 224 Pa. 30; Fleming v. Wilmerding Borough, 223 Pa. 295; Bucher v. Sunbury Borough, 216 Pa. 89.

In following and walking on the indicated path or course allowed by the city to be there, this boy was within his rights as a pedestrian, since no other and secure crossing was provided, and the city is responsible for the defects and dangers of the path the same as any other part of a regular sidewalk or crossing: Conroy v. Pittston, 222 Pa. 1; Ackerman v. Williamsport, 227 Pa. 591; Henderson v. Continental Refining Co., 219 Pa. 384; Walsh v. Pittsburgh Railways Co., 221 Pa. 463; Millum v. Lehigh & Wilkes-Barre Coal Co., 225 Pa. 214.

*James J. Breen*, assistant city solicitor, with him *Joseph A. Dolan* and *Michael J. Ryan*, city solicitor, for appellee.—The city in this case is not subject to the doctrine of holding forth an attraction to the playful fancies of children to that which is dangerous: Thompson v. R. R. Co., 218 Pa. 444.

The alleged negligence of the city was not the cause of the injury: Scranton v. Hill, 102 Pa. 378; Ohl v. Bethlehem Twp., 199 Pa. 588; Rhine v. Philadelphia, 24 Pa. Superior Ct. 564; Herr v. Lebanon, 149 Pa. 222.

OPINION BY MR. JUSTICE MOSCHZISKER, February 19, 1912:

This was an action of trespass brought by William J. MacDermott, as the father and next friend of Frank N. MacDermott and in his own behalf, against the city of Philadelphia, to recover damages for the injuries to the son alleged to have been due to the negligence of the defendant.

In the spring of 1908 the city of Philadelphia entered upon the construction of a new concrete bridge to replace an old one on Columbia avenue between Thirtieth and Thirty-first streets.    At this point Columbia ave-

nue runs east and west at right-angles with Thirty-first and Thirty-second streets, and there is a double-track railway operated upon it, the east bound track being upon the south side of the road-bed. In the course of the work it became necessary to place machinery, tools and building materials for use in and about the construction of the bridge on the cartway or road-bed of Columbia avenue between the curb on the north side and the southern or east bound railway track, between Thirty-first and Thirty-second streets, which resulted in the closing of that portion of the street to all traffic. Among the material thus deposited was a large quantity of grout or small stones used in concrete work, in piles two and a half or three feet high along the north side of the east-bound track.

On July 18, 1908, at about five o'clock in the afternoon, the plaintiff, Frank N. MacDermott, a boy about thirteen years of age, attempted to cross Columbia avenue diagonally from Thirty-first street on the north to Patten street on the south (the latter being a small street between Thirty-first and Thirty-second streets running south from and at right-angles with Columbia avenue). After leaving the sidewalk on the north side of the street he climbed up on one of the piles of stone, and seeing a car approaching eastward he stood there to allow it to pass. Immediately after the front part of the car had passed him the stones gave way beneath his feet; he slid under the car and the wheels passed over his legs, causing the injuries complained of. It was testified that both sidewalks on Columbia avenue were kept open for the use of pedestrians, and that persons desiring to cross that street at this point had walked over these stones, their travel making a sort of path or footway across the same.

The trial judge entered a non-suit, which the court in banc refused to take off, and the plaintiff has appealed, assigning first, that the court below erred in refusing to take off the judgment of non-suit, and next,

that error was committed in refusing evidence offered·
to prove that certain changes had been made in the
street after the accident.

In entering the non-suit the trial judge, inter alia,
said: "The entire street on Columbia avenue from
Thirty-first to Thirty-second was shut off to traffic, cars
on one track, the east-bound track, were permitted to
go through, but nothing else was permitted to pass
there, no vehicles of any kind were permitted on the
street. The north side of the street was blocked, prob-
ably from Thirty-first street to nearly Thirty-second
with piles of crushed stones extending from very near
the curb all the way over the first car rails. . . . . . So far
as appears the crossing at Patten street was ob-
structed—that is the crossing at the end of Patten
street for that street does not cross Columbia avenue—
if there was a crossing there, and there is no testimony
to show that there was, but the crossing at Thirty-
second street appears to have been open and perfectly
safe. . . . . . The·City is of course bound to keep its
streets and sidewalks in a reasonably safe condition.
The sidewalks of the street were apparently perfectly
safe. The city has the right to shut off the street when
necessary to make repairs. . . . . . In such cases it is im-
possible for pedestrians to cross the street haphazard
as they are accustomed to do at other times. In this
instance there was nothing illegal in the city permit-
ting the stone to be piled on the street, nothing illegal
in the street being closed to traffic. Therefore, what
the city omitted to do I do not see. I see no negligence
on the part of the city, and therefore grant the motion
for a non-suit."

A reading of the testimony satisfies us that the posi-
tion taken by the trial judge was justified and that the
court below committed no error in refusing to take off
the non-suit. The testimony was too vague and indefi-
nite to sustain a finding that a defined path or way over
the pile of stones had been created or existed for such

a length of time that the city was bound to have taken notice and guarded against its dangers. The breach averred and complained of in the statement of claim was that the city had failed in its duty to keep the street in proper and safe condition and had permitted a continuous pile of "small stones, dirt, sand and other materials to be placed on and over the road-bed without any prohibition or warning, necessitating a crossing or passage of said material by persons crossing said Columbia avenue, and inviting its use and crossing over the same to children and persons of immature mind and judgment. So that .... when said plaintiff ..... attempted to pass over the same ....., by reason of the negligent and improper manner in which said material was placed and piled ....., it suddenly gave way beneath him precipitating him under a passing trolley car ....." The theory of the defined pathway seems to have been an afterthought, and as we have already said, the evidence was not sufficient to sustain it. The city was not bound to anticipate the possibility that some one might leave the open sidewalk which it was maintaining and make a diagonal crossing of the street over the pile of stones, when it had left at least one safe crossing a short distance away at Thirty-second street. The municipality was engaged in a public undertaking and the street, except the sidewalk, was closed to traffic; it provided a safe way to cross, with but little or no inconvenience to pedestrians, and its duty to the plaintiff was no higher in this respect than to others. The circumstances do not bring the present case within the line of authorities dealing with the responsibility of defendants guilty of exposing an invitation to danger to the playful fancy of children. The first specification of error is overruled. It only remains to say that we see no error in the ruling complained of in the second specification, and that is likewise overruled.

The judgment is affirmed.